**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUGANG SHAO, | No. 12-70497 |
| Petitioner, | Agency No. A098-467-002 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:      FISHER, GOULD, and BYBEE, Circuit Judges.

Yugang Shao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Shao's testimony and declaration regarding the date his wife was arrested, and the inconsistency between his testimony and his wife's statement regarding when the fine was paid.  *See id.* at 1046-47.  In addition, Shao has not challenged the IJ's demeanor finding.  In the absence of credible testimony, Shao's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to review Shao's CAT claim because he did not challenge the IJ's denial of that form of relief.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**